**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Mark BRANON, Defendant—Appellant.**

**No. 03–10483.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 8, 2005.*

Decided Aug. 22, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

Linda C. Boone, Esq., Steve Logan, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff-Appellee.

Donald W. MacPherson, Esq., The MacPherson Group, PC, Glendale, AZ, for Defendant-Appellant.

Before: PREGERSON, KLEINFELD, and HAWKINS, Circuit Judges.

### MEMORANDUM **

Mark David Branon ("Branon") appeals his conviction and sentence for multiple drug charges, possession or use of a firearm in a crime of violence with a silencer, felon in possession of a firearm, and possession of a firearm with an obliterated serial number. We affirm Branon's convictions, and grant a limited remand under *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc).

█ The district court did not plainly err by allowing the indictment, which stated the basis of Branon's prior felony conviction, to be read to the jury at the beginning of trial. The district court properly instructed the jury immediately before the clerk read the indictment that the indictment "is not evidence of anything." Nor did the district court plainly err by not redacting, *sua sponte*, the indictment, or by not severing or bifurcating the felon in possession of a firearm count from the other counts.

█ The district court sufficiently admonished the jury about the media at the beginning of trial, telling them: "Until the trial is over ... do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it." The district court was not required to admonish the jury on this topic before each recess.

Because the record is insufficiently developed, we do not reach Branon's claim of ineffective assistance of counsel. "Claims of ineffective assistance of counsel are generally inappropriate on direct appeal." *United States v. Ross*, 206 F.3d 896, 900 (9th Cir.2000).

Because the factual underpinnings of the enhancement were found by the jury beyond a reasonable doubt, there was no error in increasing Branon's offense level for obstruction of justice based on his attempt to interfere with a state investigation. While Branon does not raise any valid Sixth Amendment error, "defendants

---

are entitled to limited remands in *all* pending direct criminal appeals involving unpreserved *Booker* error, whether constitutional or nonconstitutional." *United States v. Moreno–Hernandez,* 419 F.3d 906 (9th Cir.2005). Therefore, we grant a limited remand under *Ameline;* Branon should promptly notify the district court if he desires to opt out of resentencing. *Ameline,* 409 F.3d at 1084.

AFFIRMED and REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.